

UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF NEW YORK

CHANEL, INC., a New York
corporation,
       Plaintiff,

vs.

JONATHAN MARRA, LINDA MARRA
and IDA MARRA, individually and jointly,
d/b/a AQUEDUCT_CREATIONS
d/b/a AQUEDUCT_CREATIONS@YAHOO.COM
d/b/a BELLAITALIADESIGNS8 d/b/a
BELLAITALIADESIGNS@YAHOO.COM
d/b/a BELLAROMA d/b/a BELLAROMA7
d/b/a SILVERCUP1@AOL.COM
d/b/a BLUE_EYED_CREATIONS
d/b/a JMCONCEPTS1@AOL.COM
d/b/a BUYBUYBIRDY7 d/b/a
BUYBUYBIRDY7@YAHOO.COM
d/b/a GOLDENDESIGNS4 d/b/a
GOLDENTOUCHDESIGNS4@YAHOO.COM
d/b/a GOLDENTICKET8 d/b/a
HALCYONFOO8 d/b/a HALCYONFOO8@AOL.COM
d/b/a LAMBCHOP1954 d/b/a
NYMRSROBINSON@AOL.COM
d/b/a NYMRSROBINSON d/b/a
LAMMYCHOP4 d/b/a LAMMYCHOP4@YAHOO.COM
d/b/a LUCENT_CONCEPTS8 d/b/a
LUCENT_CONCEPTS8@YAHOO.COM d/b/a
MISTERMISTER1952 d/b/a MRSROBINSON3000
d/b/a MRSROBINSONNY d/b/a MRSROBINSONNY@AOL.COM
d/b/a NYANIMAL1098 d/b/a NYANIMAL1098@AOL.COM
d/b/a NYTWEETYPIE
d/b/a NYTWEETYPIE123@AOL.COM
d/b/a CHOOCHIEMCCHOOCH
and DOES 1-10
       Defendants,

_____/

CASE NO.
(3.7.)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   OCT 2 0 2004   ★

LONG ISLAND OFFICE

WEXLER, J.

LINDSAY, M.

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, CHANEL, INC., a New York corporation, ("Plaintiff") hereby sues Defendants,

JONATHAN MARRA, LINDA MARRA and IDA MARRA ( the "MARRAS"), individually and jointly, d/b/a AQUEDUCT_CREATIONS d/b/a AQUEDUCT_CREATIONS@YAHOO.COM d/b/a BELLAITALIADESIGNS8 d/b/a BELLAITALIADESIGNS@YAHOO.COM d/b/a BELLAROMA d/b/a BELLAROMA7 d/b/a SILVERCUP1@AOL.COM d/b/a BLUE_EYED_CREATIONS d/b/a JMCONCEPTS1@AOL.COM d/b/a BUYBUYBIRDY7 d/b/a BUYBUYBIRDY7@YAHOO.COM d/b/a  GOLDENDESIGNS4  d/b/a  GOLDENTOUCHDESIGNS4@YAHOO.COM  d/b/a GOLDENTICKET8  d/b/a  HALCYONFOO8  d/b/a  HALCYONFOO8@AOL.COM  d/b/a LAMBCHOP1954  d/b/a  NYMRSROBINSON@AOL.COM  d/b/a  LAMMYCHOP4  d/b/a LAMMYCHOP4@YAHOO.COM d/b/a  LUCENT_CONCEPTS8  d/b/a LUCENT_CONCEPTS8@YAHOO.COM d/b/a MISTERMISTER1952 d/b/a MRSROBINSON3000 d/b/a MRSROBINSONNY d/b/a MRSROBINSONNY@AOL.COM d/b/a NYMRSROBINSON d/b/a NYANIMAL1098 d/b/a NYANIMAL1098@AOL.COM d/b/a NYTWEETYPIE d/b/a NYTWEETYPIE123@AOL.COM and DOES 1-10 (collectively the "Defendants") and alleges as follows:

## THE PARTIES

1.      Plaintiff is a corporation duly organized under the laws of the State of New York with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019. The Plaintiff is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this Judicial District, high quality purses, and jewelry, namely earring, bracelets, pendants, and necklaces under the Federally registered trademarks CHANEL and CC MONOGRAM (collectively the "CHANEL Marks").

2.      The Marras, are individuals, who upon information and belief, reside and/or

-2-

conduct business within this Judicial District at 56 Brighton Road, Island Park, New York 11558.

3.    The Marras, are directly and personally engaging in the sale of counterfeit products as alleged herein.  Upon information and belief, Defendants conduct their counterfeiting activities using the names Aqueduct_creations, Aqueduct_creations@yahoo.com, Bellaitaliadesign8, Bellaitaliadesigns@yahoo.com, Bellaroma, Bellaroma7, Silvercup1@aol.com, Blue_eyed_Creations, Jmconcepts1@aol.com, Buybuybirdy7, Buybuybirdy7@yahoo.com, Goldendesigns4, Goldentouchdesigns4@yahoo.com, Goldenticket8, Halcyonfoo8, Halcyonfoo8@aol.com, Lambchop1954, Nymrsrobinson@aol.com, Lammychop4, Lammychop@yahoo.com, Lucent_concepts8, Lucent_concepts8@yahoo.com, Mistermister1952, Mrsrobinson3000, Mrsrobinsonny, Mrsrobinsonny@aol.com, Nymrsrobinson, Nyanimal1098, Nyanimal1098@aol.com, Nytweetypie, and Nytweetypie123@aol.com as aliases for themselves.

4.    Defendant Does 1-5 are, upon information and belief, individuals who reside and/or conduct business within this Judicial District.  Further, Does 1-5 are directly and personally contributing, inducing, and engaging in the sale of counterfeit products as alleged herein as partners or suppliers to the named Defendants.  However, due to the secretive nature of Does 1-5 activities, Plaintiff is ignorant of the true names of Does 1-5, and that such names are fictitious.  Plaintiff will amend this Complaint upon discovery of the identities of such fictitious defendants.

5.    Defendants Does 6-10 are, upon information and belief, business entities, who reside and/or conduct business within this Judicial District.  Moreover, Does 6-10 are, upon information and belief, directly engaging in the sale of counterfeit products as alleged herein as partners or suppliers to the named Defendants.  However, due to the secretive nature of Does 6-10

-3-

activities, Plaintiff is ignorant of the true names of Does 6-10, and that such names are fictitious. Plaintiff will amend this Complaint upon discovery of the identities of such fictitious defendants.

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction of this action pursuant to 15 U.S.C. §§1114, 1116, 1121, 1125(a) and 28 U.S.C. § 1331, 1332 and 1338, 1391.

7.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 since the Defendants are domiciled in this District, their principal place of doing business is within this District and/or they conduct business activities within the District. Further, venue is appropriate since a substantial portion of the acts complained of herein were committed by the Defendants within this District.

8.    This Court has personal jurisdiction over the Defendants since each is domiciled and/or engaged in substantial business and/or has committed tortious acts within this Judicial District. Specifically, the Defendants operate and maintain business operations through various Internet auction sites which advertise, offer for sale and sell counterfeit merchandise to consumers within this District.

## COMMON FACTUAL ALLEGATIONS

9.    The Plaintiff is the owner of the following United States Federal Trademark Registrations:

| Mark | Reg. No. | Reg. Date |
|------|----------|-----------|
| CHANEL | 902,190 | November 10, 1970 |
| CC MONOGRAM | 1,501,898 | August 30, 1988 |
| CHANEL | 626,035 | May 1, 1956 |

-4-

| CHANEL | 1,733,051 | November 17, 1992 |
| CC MONOGRAM | 1,314,511 | January 15, 1985 |

which are registered in International Classes 14 and 18 and used in connection with the manufacture and distribution of, among other things, high quality purses and jewelry, namely earrings, bracelets, necklaces, and pendants. A copy of each of the Chanel Marks are attached hereto as Composite Exhibit "A", and incorporated by reference herein.

10.    The Plaintiff's CHANEL Marks have been used in interstate commerce to identify and distinguish its high quality purses, and jewelry, namely earrings, bracelets, necklaces, and pendants for an extended period of time.

11.    The CHANEL Marks have never been assigned or licensed to any of the Defendants in this matter.

12.    The CHANEL Marks are symbols of the Plaintiff's quality, reputation and goodwill and have never been abandoned.

13.    Further, the Plaintiff has expended substantial time, money and other resources developing, advertising and otherwise promoting the CHANEL Marks. The CHANEL Marks qualify as famous marks as that term is used in 15 U.S.C. §1125©)(1).

14.    The Plaintiff has extensively used, advertised and promoted the CHANEL Marks in the United States in association with the sale of high quality products, namely purses, and jewelry, namely earrings, bracelets, necklaces, and pendants and other goods and has carefully monitored and policed the use of the CHANEL Marks.

15.     As a result of the Plaintiff's efforts, members of the consuming public readily identify merchandise bearing the CHANEL Marks as being high quality merchandise sponsored and approved by the Plaintiff.

16.     Accordingly, the CHANEL Marks have achieved secondary meaning as an identifier of high quality products, including purses and jewelry, namely earrings, bracelets, necklaces, and pendants and other goods.

17.     Upon information and belief, at all times relevant hereto, each Defendant in this action had full knowledge of Plaintiff's ownership of the CHANEL Marks, including its exclusive right to use and license the Marks and the goodwill associated therewith.

18.     Plaintiff has discovered the Defendants are manufacturing (or causing to be manufactured), promoting and otherwise advertising, distributing, selling and/or offering for sale counterfeit products, including purses and jewelry, namely earrings, bracelets, necklaces, and pendants bearing trademarks which are exact copies of the CHANEL Marks (the "Counterfeit Goods"). Specifically, the Defendants are using the Plaintiff's CHANEL Marks in the same stylized fashion, for inferior quality goods.

19.     The Defendants' Counterfeit Goods are of a quality substantially inferior to that of the Plaintiff's genuine goods. Despite the inferior nature of their Counterfeit Goods and the knowledge that they are without authority to do so, the Defendants are actively manufacturing (or causing to be manufactured), promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge that such goods will be mistaken for the genuine high quality products offered for sale by CHANEL. The net effect of the Defendants'

-6-

actions will be to result in the confusion of consumers who will believe the Defendants' similar Counterfeit Goods are genuine goods originating from and approved by the Plaintiff.

20.     Upon information and belief, Defendants, are working together, importing and\or manufacturing their Counterfeit Goods and advertising those counterfeit goods for sale to the consuming public. In so advertising these products, the Defendants use Plaintiff's CHANEL Marks. Indeed, the Defendants herein misappropriated the Plaintiff's advertising ideas and entire style of doing business with regard to the advertisement and sale of Plaintiff's genuine products. Upon information and belief, this style of doing business was known to Defendants prior to the time the counterfeiting and infringement complained of herein commenced.

21.     The Defendants are conducting their counterfeiting activities at least within this Judicial District and elsewhere throughout the United States. As a result, the Defendants are defrauding the Plaintiff and the consuming public for the Defendants' own benefit.

22.     The Defendants' use of the CHANEL Marks, including any manufacture, promotion and advertising, distribution, sale and offering for sale of their Counterfeit Goods, is without the Plaintiff's consent or authorization.

23.     Further, the Defendants are, upon information and belief, engaging in the above-described illegal counterfeiting activities knowing and intentionally or with reckless disregard or willful blindness to Plaintiff's rights for the purpose of trading on the goodwill and reputation of the Plaintiff. If the Defendants' intentional counterfeiting activities are not preliminarily and permanently enjoined by this Court, the Plaintiff and the consuming public will continue to be damaged.

24.     The Defendants' above identified infringing activities are likely to cause confusion, deception and mistake in the minds of consumers, the public and the trade. Moreover, the Defendants'

-7-

32.    Defendants' counterfeiting activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods.

33.    The Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to the Plaintiff.

34.    Defendants' above-described illegal actions constitute counterfeiting and infringement of the CHANEL Marks in violation of Plaintiff's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

35.    The Plaintiff has suffered and will continue to suffer irreparable injury due to the above described activities of the Defendants if the Defendants are not preliminarily and permanently enjoined.

## COUNT II - FALSE DESIGNATION OF ORIGIN PURSUANT TO § 43(a) OF THE LANHAM ACT

36.    Plaintiff hereby readopts and realleges the allegations set forth in paragraphs 1 through 28 above.

37.    Defendants' Counterfeit Goods have been widely advertised and distributed throughout the United States.

38.    The Defendants' Counterfeit Goods are virtually identical in appearance to the Plaintiff's genuine goods. However, the Counterfeit Goods are inferior in quality. Accordingly, the Defendants' activities are likely to cause confusion in the trade and among the general public as to the origin or sponsorship of the Counterfeit Goods.

-9-

39.     The Defendants have used in connection with their sale of Counterfeit Goods, false designations of origins and false descriptions and representations, including words or other symbols which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of the Plaintiff.

40.     Specifically, the Defendants made infringing use of the CHANEL Marks in the Defendants' advertisement and promotion of their similar counterfeit and infringing purses and jewelry. The Defendants have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing products.

41.     The Defendants' above-described actions are in violation of Sec tion 4 3(a) o f t he Lanham Act, 15 U.S.C. §1125(a).

42.     Plaintiff has sustained injury and damage caused by Defendants' conduct, and absent an entry of an injunction by this Court, the Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

## COUNT III - COMMON LAW MISAPPROPRIATION AND UNFAIR COMPETITION

43.     Plaintiff hereby readopts and realleges the allegations set forth in paragraphs 1 through 28 above.

44.     The Defendants' aforesaid acts constitute misappropriation of CHANEL's trademarks and goodwill and are in violation of New York's Common Law of Unfair Competition since the Defendants' counterfeiting/infringement and false designation of origin is likely to cause confusion, mistake and/or deception.

-10-

45.    The Defendants' conduct described herein was engaged in intentionally, willfully, wantonly, and maliciously.

46.    The Plaintiff reserves its right to proffer evidence and seek an award of punitive damages.

47.    Absent entry of an injunction by this Court, the Plaintiff will continue to suffer irreparable injury to its goodwill and reputation. The Plaintiff has also suffered substantial damages as a result of the Defendants' acts of misappropriation and unfair competition.

### COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT

48.    Plaintiff hereby readopts and realleges the allegations set forth in Paragraphs 1 through 47 above.

49.    Plaintiff is the owner of valid, common law trademark rights in its CHANEL Marks.

50.    Upon information and belief, Defendants are importing or manufacturing (or causing others to do so), promoting and otherwise advertising, selling, offering for sale and distributing counterfeit and infringing goods.  The Defendants are continuously infringing and inducing others to infringe the CHANEL Marks by using them to advertise, promote and sell counterfeit goods.

51.    Defendants' acts give rise to a likelihood of confusion among the purchasing public and constitute common law trademark infringement.

52.    Upon information and belief, Defendants' acts are willful and deliberate, and Plaintiff is being damaged in an amount subject to proof at trial.

53.    Defendants' acts are irreparably harming Plaintiff and the goodwill between Plaintiff and the CHANEL Marks, and such harm will likely continue until enjoined by this Court.

-11-

## PRAYER FOR RELIEF

54.    **WHEREFORE,** the Plaintiff demands judgment jointly and severally against the Defendants as follows:

a.    That the Court enter a preliminary and permanent injunction enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the CHANEL Marks; from using the CHANEL Marks, or any mark similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark which may be calculated to falsely advertise the services or products of the Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiff; from falsely representing themselves as being connected with the Plaintiff, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendants, are in any way endorsed by, approved by, and/or associated with the Plaintiff; from using any reproduction, counterfeit, copy, or colorable imitation of the CHANEL Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants, including, without limitation, goods, namely purses, and jewelry, namely earrings, bracelets, necklaces and pendants and other goods; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of the Plaintiff, or in any way endorsed by the Plaintiff and from offering such goods in commerce; and from otherwise unfairly competing with the Plaintiff.

-12-

b.       That the Defendants be required to account to and pay Plaintiff for all profits and damages resulting from Defendants' infringing, counterfeiting and fraudulent activities and that the award to Plaintiff be trebled, as provided for under 15 U.S.C. §1117, or, at Plaintiff's election, that Plaintiff be awarded statutory damages from each Defendants in the amount of one million ($1,000,000.00) dollars per each counterfeit Mark used and product sold, as provided by 15 U.S.C. §1117©)(2) of the Lanham Act.

c.       That Plaintiff be awarded punitive damages.

d.       That Plaintiff be awarded pre-judgment interest on its judgment.

e.       That Plaintiff be awarded at least treble damages as well as its costs and reasonable attorneys' fees and investigators' fees associated with bringing this action.

f.       That the Plaintiff be awarded such other and further relief as the Court may deem just and proper.

Dated: October 19, 2004

Respectfully submitted,

GOODMAN & SAPERSTEIN
666 Old County Road
Garden City, New York
Telephone: 516-227-2100
Facsimile: 516-228-2180

STEPHEN M. GAFFIGAN, P.A.
312 S.E. 17th Street, Second Floor
Ft. Lauderdale, Florida 33316
Telephone: 954-767-4819
Facsimile: 954-767-4821

By_____
Stanley Goodman (SRG2500)
Attorneys for PLAINTIFF
CHANEL, INC.
a New York Corporation

# COMPOSITE
# EXHIBIT "A"



TH 369965

# THE UNITED STATES OF AMERICA

TO ALL TO WHOM THESE PRESENTS SHALL COME:
UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

**February 22, 2001**

THE ATTACHED U.S. TRADEMARK REGISTRATION *902,190* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM  *November 10, 1970*
*1st* RENEWAL FOR A TERM OF *10* YEARS FROM  *November 10, 1990*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
  *Registrant*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

**P. R.  GRANT**
**Certifying Officer**

# United States Patent Office

902,190
Registered Nov. 10, 1970

## PRINCIPAL REGISTER
### Trademark

Ser. No. 329,492, filed May 28, 1969

## CHANEL

Chanel, Inc. (New York corporation)
1 W. 57th St.
New York, N.Y.   10019

For: BRACELETS, PINS, AND EARRINGS, in
CLASS 28 (INT. CL. 14).
First use in 1914; in commerce in or before 1925.
Owner of Reg. No. 612,169.

Int. Cls.: 6, 14, 16, 25 and 26

Prior U.S. Cls.: 13, 28, 37, 39 and 40

## United States Patent and Trademark Office

Reg. No. 1,501,898
Registered Aug. 30, 1988

### TRADEMARK
### PRINCIPAL REGISTER



CHANEL, INC. (NEW YORK CORPORATION)
9 WEST 57TH STREET
NEW YORK, NY 10019

FOR: KEYCHAINS, IN CLASS 6 (U.S. CL. 13).
FIRST USE 9-0-1981; IN COMMERCE 9-0-1981.
FOR: COSTUME JEWELRY, IN CLASS 14 (U.S. CL. 28).
FIRST USE 9-0-1981; IN COMMERCE 9-0-1981.
FOR: GIFT WRAPPING PAPER , IN CLASS 16 (U.S. CL. 37).
FIRST USE 8-0-1986; IN COMMERCE 8-0-1986.

FOR: BLOUSES, SHOES, BELTS, SCARVES, JACKETS, MEN'S TIES, IN CLASS 25 (U.S. CL. 39).
FIRST USE 9-0-1981; IN COMMERCE 9-0-1981.
FOR: BROOCHES, BUTTONS FOR CLOTHING, IN CLASS 26 (U.S. CL. 40).
FIRST USE 9-0-1981; IN COMMERCE 9-0-1981.
OWNER OF U.S. REG. NOS. 195,359, 1,347,094 AND OTHERS.

SER. NO. 644,065, FILED 2-9-1987.

JANE MCCABE, EXAMINING ATTORNEY

Int. Cl.: 18

Prior U.S. Cl.: 3

Reg. No. 626,035

United States Patent and Trademark Office

Registered May 1, 1956

10 Year Renewal

Renewal Term Begins May 1, 1996

## TRADEMARK
## PRINCIPAL REGISTER

## CHANEL

CHANEL, INC. (NEW YORK CORPORA-
TION)
9 WEST 57TH STREET
NEW YORK, NY 10019, BY ASSIGN-
MENT AND ASSIGNMENT FROM
CHANEL, INC. (NEW YORK CORPO-
RATION) NEW YORK, NY

OWNER OF U.S. REG. NOS. 195,360,
513,132 AND OTHERS.
SEC. 2(F).
FOR: WOMEN'S HANDBAGS, IN
CLASS 3 (INT. CL. 18).
FIRST USE 0-0-1938; IN COMMERCE
11-24-1954.

SER. NO. 71-678,436, FILED 12-16-1954.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on Aug. 27, 1996.*

COMMISSIONER OF PATENTS AND TRADEMARKS

# The United States of America

## CERTIFICATE OF RENEWAL

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for renewal of registration of the Mark shown herein, a copy of said Mark and pertinent data from the Registration being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Registration renewed under the Trademark Act of 1946, as amended, and said Registration has been duly renewed in the Patent and Trademark Office to the registrant named herein.

This Registration shall remain in force for TEN years from the date that said Registration was due to expire unless sooner terminated as provided by law.



In Testimony whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this twenty-seventh day of August 1996.

**EXHIBIT** "A"   Bruce Lehman



The United States of America

N⁰ 1733051

### CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, as amended, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

### PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for TEN years unless sooner terminated as provided by law.



In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this seventeenth day of November 1992.



Int. Cl.: 18

Prior U.S. Cl.: 3

**United States Patent and Trademark Office**    Reg. No. 1,733,051
Registered Nov. 17, 1992

## TRADEMARK
### PRINCIPAL REGISTER

## CHANEL

CHANEL, INC. (NEW YORK CORPORATION)
9 WEST 57TH STREET
NEW YORK, NY 10019

FOR: LEATHER GOODS; NAMELY, HANDBAGS, WALLETS, TRAVEL BAGS, LUGGAGE, BUSINESS AND CREDIT CARD CASES, CHANGE PURSES, TOTE BAGS, COSMETIC BAGS SOLD EMPTY, AND GARMENT BAGS FOR TRAVEL, IN CLASS 18 (U.S. CL. 3).

FIRST USE 0–0–1954; IN COMMERCE 0–0–1954.

OWNER OF U.S. REG. NOS. 626,035, 1,347,677 AND OTHERS.

SER. NO. 74–242,426, FILED 1–31–1992.

KEITH L. HENDERSON, EXAMINING ATTORNEY



Nº 1314511

# THE UNITED STATES OF AMERICA

### CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

### PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for Twenty Years unless sooner terminated as provided by law.



In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this fifteenth day of January, 1985.

COMMISSIONER OF PATENTS AND TRADEMARKS



Int. Cls.: 16 and 18

Prior U.S. Cls.: 3 and 37

## United States Patent and Trademark Office

Reg. No. 1,314,511
Registered Jan. 15, 1985

## TRADEMARK
### Principal Register



Chanel, Inc. (New York corporation)
9 W. 57th St.
New York, N.Y. 10019

For: NOTEBOOKS AND STATIONERY-TYPE PORTFOLIOS, in CLASS 16 (U.S. Cl. 37).

First use Sep. 1981; in commerce Sep. 1981.

For: LEATHER GOODS—NAMELY, HAND-BAGS, WALLETS, TRAVEL BAGS, LUGGAGE, CREDIT CARD AND BUSINESS CARD CASES, MAKE-UP BAGS AND VANITY CASES SOLD EMPTY, BRIEFCASE-TYPE PORTFOLIOS; ATTACHE CASES, CHANGE PURSES, SUIT-CASES, TOTE BAGS, GARMENT BAGS AND TRAVELLERS' SHOE BAGS, in CLASS 18 (U.S. Cl. 3).

First use Nov. 24, 1954; in commerce Nov. 24, 1954.

Owner of U.S. Reg. No. 1,075,016.

Ser. No. 356,733, filed Mar. 26, 1982.

FRANCIE R. GOROWITZ, Examining Attorney